UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
ELIJAH BROWN,

                Movant,

        -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/2022
```

22-cv-6597 (LAK)
[S1 16-cr-0212 (LAK)]

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Elijah Brown was a member of a violent Bronx-based gang that trafficked in narcotics and engaged in violence. In 2017, he pleaded guilty to one count of racketeering conspiracy (Count One) and a lesser included offense which charged use, carrying or possession of a firearm in connection with a drug trafficking offense (Count Four). The plea agreement included a waiver of appellate and collateral attack rights as long as he was sentenced to a term of imprisonment of 181 or fewer months. Tr. (Dkt 1061), at 9-11. He was sentenced on November 3, 2017, principally to consecutive terms of imprisonment of 72 months on the conspiracy charge and 60 months on the firearm charge, for an aggregate term of 132 months. Dkt 1223. He did not appeal.

        On or about August 1, 2022, Brown moved, pursuant to 28 U.S.C. § 2255, to vacate his conviction on Count Four, arguing that the conspiracy charged in Count One is not a crime of violence. He relies on *United States v. Taylor,* 142 S.Ct. 2015 (2022), and *United States v. Davis,* 139 S.Ct. 2319 (2019). The motion is entirely without merit for multiple reasons.

        1.    The Count Four conviction is based on Brown's admission that he possessed a firearm in furtherance of a drug trafficking conspiracy, which remains a crime of violence post-*Taylor* and post-*Davis*.

        2.    The motion in any case is barred by the AEDPA statute of limitations for the reasons articulated by the government.

        3.    The motion is procedurally defaulted, again for the reasons articulated by the government.

4. The belated contention first made in Brown's most recent filing (Dkt 1666) – that he entered into the plea because his counsel advised him that there would be a reversal on Count Four – has emerged more than five years after Brown entered his plea. During the plea allocution, he specifically affirmed under oath that he understood and agreed that he would not be able to appeal or otherwise challenge any sentence of 181 months or less. Tr. (Dkt 1061), at 10-11. The newly formulated claim that he pled because he was promised a reversal on Count Four – which would have been impossible absent an appeal or some other challenge – therefore is wishful thinking if not worse.

Accordingly, the motion pursuant to Section 2255 (16-cr-0212 Dkt 1658, 22-cv-6597 Dkt 1) is denied in all respects. A certificate of appealability is denied and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915.

The Clerk shall close the case.

SO ORDERED.

Dated: September 16, 2022

/s/ Lewis A. Kaplan (mab)

Lewis A. Kaplan
United States District Judge